**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:**<br>**644 Enfield Road, Lincoln, ME 04457** |
| Roland K Drinkwater Jr. and Peggy L Drinkwater | Mortgage:<br>June 27, 1997<br>Book 6440, Page 351<br>Penobscot County Registry of Deeds |
| **Defendants** | |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note currently owned and held by U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, in which the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are the obligor and the total amount owed under the terms of the Note is One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust is a National Association with its principal place of business and main office in the State of Delaware at 1011 Centre Rd., Wilmington, DE and is therefore a citizen of Delaware. *BRT Management LLC v. Malden Storage LLC*, 2023 WL 357390, (1st Cir. May 22, 2023); and *1900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger*, 2021 WL 864951.

5. The Court has Diversity Jurisdiction over the matter where, as here, the Plaintiff is a national banking association organized and operating under the National Bank Act (12 U.S.C. § 21, et seq) and subject to the regulation and supervision of the Comptroller of the Currency of the United States Department of the Treasury. National banking associations are deemed "citizens of the States in which they are respectively located." 28 U.S.C § 1348. A national

banking association is a citizen of the State in which its main office, as set forth in its articles

of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006);

*Mckenna v. Wells Fargo Bank, N.A.*, 693 F. 3d 207, 212 (1st Cir. 2012).

6.  The Defendant, Roland K Drinkwater Jr., is a resident of Lincoln, County of Penobscot and
    State of Maine.

7.  The Defendant, Peggy L Drinkwater, is a resident of Lincoln, County of Penobscot and
    State of Maine.

## FACTS

8.  On May 16, 1997, by virtue of a Warranty Deed from Kenneth Drinkwater, which is
    recorded in the Penobscot County Registry of Deeds in **Book 6387, Page 092**, the property
    situated at 644 Enfield Road, City/Town of Lincoln, County of Penobscot, and State of
    Maine, was conveyed to Roland K Drinkwater, Jr. and Peggy L. Drinkwater, being more
    particularly described by the attached legal description. *See* Exhibit A (a true and correct
    copy of the legal description is attached hereto and incorporated herein).

9.  On June 27, 1997, Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., executed
    and delivered to BankAmerica Housing Services, A Division of Bank of America, FSB a
    certain Note and security agreement concerning a Manufactured Home  in the amount of
    $45,181.75. *See* Exhibit B (a true and correct copy of the Note is attached hereto and
    incorporated herein).

10. To secure said Note, on June 27, 1997, Defendants, Peggy L Drinkwater and Roland K
    Drinkwater Jr., executed a Mortgage Deed in favor of BankAmerica Housing Services, a
    Division of Bank of America, securing the property located at 644 Enfield Road, Lincoln,
    ME 04457 and the affixed Manufactured Home which Mortgage Deed is recorded in the

Penobscot County Registry of Deeds in **Book 6440**, **Page 351**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Green Tree Servicing, LLC by virtue of an Assignment of Mortgage dated March 18, 2014, and recorded in the Penobscot County Registry of Deeds in **Book 13521**, **Page 344**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 29, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 14050**, **Page 215**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Ditech Financial, LLC by virtue of an Assignment of Mortgage dated December 1, 2016, and recorded in the Penobscot County Registry of Deeds in **Book 14371, Page 2**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Towd Point Master Funding Trust 2017-PM18 by virtue of an Assignment of Mortgage dated May 16, 2019, and recorded in the Penobscot County Registry of Deeds in **Book 15187**, **Page 3**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Firstkey Mortgage, LLC by virtue of an Assignment of Mortgage dated November 3, 2022, and recorded in the Penobscot County Registry of Deeds in **Book 16698**, **Page 176**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of Firstkey Master Funding 2021-A

Collateral Trust by virtue of an Assignment of Mortgage dated November 3, 2022, and recorded in the Penobscot County Registry of Deeds in **Book 16698**, **Page 177**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On August 15, 2025, the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., executed a Loan Modification Agreement which adjusted the principal amount of the Note to $80,735.16 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

18. On October 24, 2025, the Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Letter Log of the servicer attached hereto (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter and Letter Log is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

20. The Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is the present

holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

24. The total debt owed under the Note and Mortgage as of April 26, 2026, if no payments are made, is One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $100,918.95 |
| Interest | $3,999.86 |
| Escrow Deficiency | $516.92 |
| Unpaid Late Charges | $15.00 |
| Loan Level Advance Balance | $1,325.00 |
| Interest on Advances | $18.18 |
| Grand Total | $106,793.91 |

25. Upon information and belief, the Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 644 Enfield Road, Lincoln, County of Penobscot, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

30. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2025, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of April 26, 2026, is One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars.

32. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.'s, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, on October 24, 2025, as evidenced by the servicer's business records including the letter og. *See* Exhibit K.

35. The Defendants, Roland K Drinkwater Jr. and Peggy L Drinkwater, are not in the Military as evidenced by the attached Exhibit L.

36. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. On June 27, 1997, the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., executed under seal and delivered to BankAmerica Housing Services, A Division of Bank of America, FSB a certain Note in the amount of $45,181.75. *See* Exhibit B.

39. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are in default for failure to properly tender the September 1, 2025, payment and all subsequent payments. *See* Exhibit K.

40. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr..

41. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

42. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.'s, breach is knowing, willful, and continuing.

43. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.'s, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

44. The total debt owed under the Note and Mortgage as of April 26, 2026, if no payments are made, is One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars.

45. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

46. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

47. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. By executing, under seal, and delivering the Note, the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., entered into a written contract with BankAmerica Housing Services, A Division of Bank of America, FSB who agreed to loan the amount of $45,181.75 to the Defendants. *See* Exhibit B.

49. As part of this contract and transaction, the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

50. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is the proper holder of the Note and successor-in-interest to BankAmerica Housing Services, A Division of Bank of America, FSB, and has performed its obligations under the Note and Mortgage.

51. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2025, payment and all subsequent payments. *See* Exhibit K.

52. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr..

53. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

54. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are indebted to U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust in the sum of One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars, for money lent by the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, to the Defendants.

55. Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.'s, breach is knowing, willful, and continuing.

56. Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.'s, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

57. The total debt owed under the Note and Mortgage as of April 26, 2026, if no payments are made, is One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91) Dollars.

58. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

59. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

60. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. BankAmerica Housing Services, A Division of Bank of America, FSB, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, loaned the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., $45,181.75. *See* Exhibit B.

62. The Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., have failed to repay the loan obligation.

63. As a result, the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust as successor-in-interest to BankAmerica Housing Services, A Division of Bank of America, FSB by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is entitled to relief.

65. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322 concerning the subject property and the affixed Manufactured Home;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, upon the expiration of the period of redemption;

d) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are in breach of the Note by failing to make payment due as of September 1, 2025, and all subsequent payments;

e) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are in breach of the Mortgage by failing to make payment due as of September 1, 2025, and all subsequent payments;

f) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2025, and all subsequent payments;

h) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr. have been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, to restitution;

k) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., are liable to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, for money had and received;

l) Find that the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, is entitled to restitution for this benefit from the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr.;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Peggy L Drinkwater and Roland K Drinkwater Jr., and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust, in the amount of One Hundred Six Thousand Seven Hundred Ninety-Three and 91/100 ($106,793.91 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in its individual capacity but solely as collateral trust trustee of FirstKey Master Funding 2021-A Collateral Trust,
By its attorneys,

Dated: May 8, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com